# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 4, 2016   Decided December 27, 2016

No. 16-5015

JUDICIAL WATCH, INC., ET AL.,
APPELLANTS

v.

JOHN F. KERRY, IN HIS OFFICIAL CAPACITY AS U.S.
SECRETARY OF STATE, ET AL.,
APPELLEES

Consolidated with 16-5060, 16-5061, 16-5077

Appeals from the United States District Court
for the District of Columbia
(No. 1:15-cv-00785)
(No. 1:15-cv-01068)

*John J. Vecchione* argued the cause for appellants. With him on the briefs were *Alfred J. Lechner Jr.*, *Daniel Z. Epstein*, *R. James Valvo III*, and *James F. Peterson*.

*Daniel Tenny*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the briefs were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Matthew M. Collette*.

Before: KAVANAUGH and WILKINS, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Secretary of State Clinton used private email accounts during her time at the State Department. As a result, some emails were not preserved in government recordkeeping systems. Although the current Secretary (with the help of the National Archivist) has made efforts to recover those emails, neither the Secretary nor the Archivist has asked the Attorney General to initiate enforcement proceedings, as provided for in the Federal Records Act. Because those officials would not refer the matter to the Attorney General on their own, appellants Judicial Watch and Cause of Action Institute (henceforth the "appellants" except where a distinction is necessary) sued for agency action unlawfully withheld in violation of § 706(1) of the Administrative Procedure Act. The district court dismissed their suits as moot. *Judicial Watch, Inc. v. Kerry*, 156 F. Supp. 3d 69 (D.D.C. 2016). But since the current Secretary and Archivist have neither asked the Attorney General for help nor shown that such a request could not lead to recovery of additional emails, the suits were not moot. Accordingly, we reverse and remand for further proceedings.

\* \* \*

The Federal Records Act "governs the creation, management and disposal of federal records." *Armstrong v. Bush*, 924 F.2d 282, 284 (D.C. Cir. 1991). Due to the importance of maintaining federal records (which are generally accessible to the public through the Freedom of Information Act), the act strictly limits the circumstances under which records can be removed from federal custody or

destroyed. 44 U.S.C. § 3105(1). If the relevant agency head becomes aware of "any actual, impending, or threatened unlawful removal . . . or [] destruction of [agency] records," he or she "shall notify the Archivist . . . and with the assistance of the Archivist shall initiate action through the Attorney General for the recovery of [those] records." 44 U.S.C. § 3106(a). If the agency head fails to "initiate an action for such recovery or other redress within a reasonable period of time," "the Archivist shall request the Attorney General to initiate such an action" and shall notify Congress of that request. *Id.* § 3106(b). Although there may be ambiguities in § 3106(a)'s mandate to "initiate action through the Attorney General," our decision in *Armstrong* made clear that § 3106 encompasses at least a duty to "ask the Attorney General to initiate legal action." 924 F.2d at 295. For present purposes that is enough, as it appears that the judicial relief appellants now seek is an order requiring the current Secretary and the Archivist to do just that.

After news of the former Secretary's private accounts broke, the State Department began taking steps to recover her emails. Through various letters to her counsel, the Department asked the former Secretary to provide copies of her work-related emails. In response to those letters, the former Secretary produced (in hard copy) roughly 55,000 pages of emails from the private server account. And upon learning that the FBI had taken custody of Clinton's private server and a thumb drive containing electronic copies of the emails she had previously produced, the Department also asked the FBI to provide it with a copy of those records.

But because neither the current Secretary nor the Archivist asked the Attorney General to initiate an enforcement action, appellants sued to compel that request. The district court, citing the *Armstrong* opinion's statement that private litigants may bring suit "if the agency head or

Archivist does *nothing* while an agency official destroys or removes records in contravention of agency guidelines and directives," 924 F.2d at 295 (emphasis added), reasoned that a plaintiff's ability to "compel a referral to the Attorney General . . . is limited to those circumstances in which an agency head and Archivist have taken minimal or no action to remedy the removal or destruction of federal records." *Judicial Watch*, 156 F. Supp. 3d at 76. Since the State Department and Archivist had made a "sustained effort" to recover the missing emails, the district court concluded that there was no "dereliction of duty" and dismissed the suits as moot. *Id*. at 77. Appellants timely appealed.

* * *

Although the Federal Records Act does not contain an express or implied private right of action, *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 148-150 (1980), the Administrative Procedure Act permits a claim "that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); 5 U.S.C. § 706(1). The recovery provisions of the Federal Records Act fit that bill because they "leave [the agency head and Archivist] *no* discretion to determine which cases to pursue." *Armstrong*, 924 F.2d at 295. While nothing in § 3106 prevents the agency from first attempting its own remedial measures (rather than immediately rushing to the Attorney General), *id*. at 296 n.12, the statute "*requires* the agency head and Archivist to take enforcement action" through the Attorney General if those efforts are unsuccessful, *id*. at 295. We therefore held in *Armstrong* that if "the agency head does not initiate an enforcement action [through the Attorney General] 'within a reasonable period of time,' the Archivist '*shall* request the Attorney General to initiate such an action.'" *Id*. (citing § 3106). *Armstrong* involved a threatened destruction of

records, so we framed the case in those terms, saying that, if the agency head and the Archivist do not take the required "action to prevent the unlawful destruction or removal of records . . . , private litigants may sue under the APA to require them to do so." *Id*. at 296 n.12.

As the district court's dismissal relied exclusively on its finding of mootness, and not on a possible claim that the "reasonable period of time" referred to in *Armstrong* had not run, we focus on mootness. Where the plaintiff has recovered all it has sought, no court action can provide further relief and the case is moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). In considering possible mootness we assume that the plaintiffs would be successful on the merits. See *Doe v. Harris*, 696 F.2d 109, 114 n.7 (D.C. Cir. 1982); see also *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003) (standing). The mootness inquiry here is straightforward. Appellants sought the only relief provided by the Federal Records Act—an enforcement action through the Attorney General. But nothing the Department did (either before or after those complaints were filed) gave appellants what they wanted. Instead of proceeding through the Attorney General, the Department asked the former Secretary to return her emails voluntarily and similarly requested that the FBI share any records it obtained. Even though those efforts bore some fruit, the Department has not explained why shaking the tree harder—e.g., by following the statutory mandate to seek action by the Attorney General—might not bear more still. It is therefore abundantly clear that, in terms of assuring government recovery of emails, appellants have not "been given everything [they] asked for." *Noble v. Sombrotto*, 525 F.3d 1230, 1241 (D.C. Cir. 2008). Absent a showing that the requested enforcement action could not shake loose a few more emails, the case is not moot.

Of course the actions taken by the Department and the FBI might have mooted appellants' claims by securing custody of all emails that the Attorney General could have recovered in an enforcement action. After all, the FBI now has custody of the former Secretary's server and a thumb drive with electronic versions of the emails that were previously provided to the State Department in hard copy. If appellants had only sought emails from the server account, a mootness argument based on the recovery of the server might well succeed. But the server and the emails it housed do not tell the full story; Secretary Clinton used two nongovernmental email accounts during her tenure at the State Department. During her first weeks in office, she continued using the Blackberry account she had used as a Senator. Only in March of 2009 did she switch to the private email account hosted on the server in her New York home.

The complaints here sought to ensure recovery all of the former Secretary's work emails, including those on the Blackberry account. Specifically, Judicial Watch's complaint demanded the recovery of any emails that Secretary Clinton "sent and received . . . to and from the personal email accounts of State Department employees." Judicial Watch Compl. ¶ 6. Similarly, appellant Cause of Action Institute sought all emails Clinton "made or received in her capacity as Secretary of State or in connection with the transaction of public business," and further alleged that the Federal Records Act did not permit her to "maintain emails on a private server or use a private email account" under these circumstances. Cause of Action Compl. ¶¶ 37-38. See also Cause of Action Opp. at 21-24 & Judicial Watch Opp. at 2 for references to the Blackberry emails in the oppositions to the motion to dismiss. At best, the FBI's possession of the server (plus various electronic and hard copies of related emails) addresses only part of those broad requests—i.e., emails from the home server account. Because the complaints sought recovery of

emails from all of the former Secretary's accounts,[1] the FBI's recovery of a server that hosted only one account does not moot the suits. See *Schnitzler v. United States*, 761 F.3d 33, 37, 39 (D.C. Cir. 2014). While the case might well also be moot if a referral were pointless (e.g., because no imaginable enforcement action by the Attorney General could lead to recovery of the missing emails), the record here provides no factual support for finding mootness on that basis. See *Noble*, 525 F.3d at 1232.

We now want to step back and explicitly consider the district court's reasoning. As we mentioned above, the court relied on language relating to circumstances where the "agency head or Archivist *does nothing*" while an official unlawfully removes or destroys records. 156 F. Supp. 3d at 76 (quoting *Armstrong*, 924 F.2d at 295) (emphasis added). The district court saw that language as eliminating judicial review as soon as the agency head or Archivist took *some* action to recover the missing record—here, indeed, "a sustained effort" (*id*. at 77) yielding a very substantial harvest. While the district court's view is a plausible reading of that sentence in *Armstrong*, it does not account for the rest of the opinion. In the preceding sentence, we explained that the entire enforcement scheme assumes that the agency head (or Archivist) will actually refer cases to the Attorney General—

---

[1] To the extent the Department claims that the allegations forge too tenuous a link to the Blackberry emails to survive a motion to dismiss, it is free to make such a motion on remand. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Likewise, appellants would presumably also be free to flesh out their allegations through an amendment. See Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178 (1962).

as the statute requires—and we said that if he does not "there will be no effective way to prevent the destruction or removal of records." *Armstrong*, 924 F.2d at 295. That passage alone makes clear that when records go missing, the *something* required by the statute is a referral to the Attorney General by the agency head and/or the Archivist. Indeed, the remainder of the opinion took pains to stress that the statute "*requires* the agency head and Archivist to take enforcement action" through the Attorney General whenever they became aware of records being unlawfully removed or destroyed. *Id*. And we said that that those mandatory enforcement provisions "leave *no* discretion [for the agency] to determine which cases to pursue." *Id*. While we recognized that sometimes an agency might reasonably attempt to recover its records before running to the Attorney General, *id*. at 296 n.12, we never implied that where those initial efforts failed to recover all the missing records (or establish their fatal loss), the agency could simply ignore its referral duty. That reading would flip *Armstrong* on its head and carve out enormous agency discretion from a supposedly mandatory rule. Plainly we understood the statute to rest on a belief that marshalling the law enforcement authority of the United States was a key weapon in assuring record preservation and recovery.

Even though the district court dismissed the case solely on mootness grounds, the Department cross-appeals, asking us to reach the merits and hold that it satisfied its duties under the Federal Records Act. But, as is our general practice, we decline that invitation and instead remand the case so that the district court can consider the merits in the first instance (assuming the parties do not raise and the court does not perceive any other threshold, non-merits barrier). See *Boose v. D.C.*, 786 F.3d 1054, 1059 (D.C. Cir. 2015); see also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (jurisdictional requirements must be met at each stage of the litigation). (Such issues of course might include mootness

itself. At oral argument, the Department pointed to actions that were purportedly taken after the district court decision (some of which may still be ongoing). See Oral Arg. Recording at 23:40-24:20, 35:41-37:37. But because the Department made no attempt to supplement the record regarding those actions, we have not considered them.)

As in *Armstrong*, we express no opinion on whether the Attorney General's action or inaction in response to a referral would be reviewable. 924 F.2d at 295 n.11. Nor do we address possible constitutional defenses that the Secretary or Archivist might raise to the statutory command's constraint on their discretion; they have raised no such argument.

\* \* \*

The judgment of the district court is

*Reversed and remanded.*